EDWIN A. PRATT *vs.* WILLIAM VANWYCK'S EX'RS.— *E. S. June,* 1834.

The right of the vendor to pursue real estate remaining in the hands of the vendor, or volunteers claiming under him, or his alienees with notice, for the recovery of unpaid purchase money, exists only in equity.

This relief is afforded in equity on the ordinary ground that the claimant is remediless at law. If the vendor can, by any proceeding at law, recover his claim, chancery will not enforce his equitable lien. His remedy at law must be first exhausted, or it must be shown that none exists there, and the proof is upon him.

H being indebted to V, conveyed to him as security, by way of mortgage, a tract of land. Afterwards V assigned this mortgage to P, who gave his bonds for the sum due on the mortgage. HELD, that in the contemplation of a court of equity, the interest sold by V to P, was personal and not real estate, and that there was no implied lien for the purchase money. The thing sold was the debt; the mortgage passes as an appurtenant to the debt, and these are incapable of a separate and independent alienation.

APPEAL from the equity side of *Queen Ann's* county court.

The appellees exhibited their bill against the appellant and one *Ann Pratt,* on the 1st of May, 1826, for the purpose of charging certain lands which had descended to the appellant from his father, with a debt due the appellees' testator from *Ann Pratt.*

The bill alleged that *Francis Hall* being indebted to their testator, on the 26th of April, 1816, for the purpose of securing the payment of the same, conveyed to him, by way of mortgage, a tract of land called *Neale's Residence.* That this mortgage afterwards, on the 13th of December,

of the same year, was, by their testator, sold and assigned to *Ann Pratt,* she having then secured to be paid to him the balance due thereon, by certain bonds, all of which except one, have since been paid. That this bond remaining unpaid, complainants, after the death of their testator, brought suit on it against *Ann Pratt* in 1824, and recovered a judgment thereon, upon which a *fieri facias* was issued in 1825, and the real estate of the said *Ann* sold by the sheriff to the amount, deducting the expenses, of one thousand and eighty-six dollars and twenty-five cents, which was applied in part discharge of the judgment. That *Ann Pratt* afterwards, on the 17th of April, 1819, by a deed of bargain and sale, purporting to be for a valuable consideration, conveyed to her son, *Edwin W. Pratt,* the mortgaged premises so as aforesaid transferrsd to her by the complainant's testator. That the consideration was colourable and nominal merely, no money having in fact been paid by the grantee, and that consequently the conveyance is fraudulent and void against creditors, and more particularly with respect to the claim due their testator, which they insist is an equitable lien on the property. That even if the consideration money mentioned in the deed had been paid by the grantee, still he would have taken the property subject to their claim, as he was aware of its existence at the time of the conveyance to him. That the grantee is dead, leaving *Edwin A. Pratt,* the appellant, an infant, his heir at law, to whom the property in question has descended, and in whose hands it is liable to be sold for the payment of complainant's claim, the personal property of his father being inadequate to the payment of his debts. The bill prays a sale of the property accordingly.

The appellant, answering by his guardian, admitted the allegations of the bill in reference to the transactions between the complainant's testator, *Hall,* and *Ann Pratt,* but does not admit that the deed from the latter to his father was without consideration. He avers that *Ann Pratt,* at the time complainants recovered judgment against her, was

seized and possessed of other real estate than that which had been sold under the execution, and of value more than sufficient to pay the judgment. That, even if this were not so, he insisted that the complainants could not follow the land in his hands, after having voluntarily received the security given by *Ann Pratt,* or at all events not until they had diligently prosecuted their remedy against her, which they had not done.

The answer of *Ann Pratt* admitted the sale to her of the mortgaged premises by *Vanwyck,* as alleged in the bill, the security given by her for the purchase money, and the obtention of the judgment by his executors for the balance thereof, and the satisfaction of the same, in part, as alleged. She further admitted that the deed from her to her son, *Edwin W. Pratt,* was without a pecuniary consideration, and that he not only knew at the time that a balance of the purchase money due from her to *Vanwyck* remained unpaid, but he then and frequently afterwards promised her to pay it.

After some proof had been taken and returned, which it is not considered necessary to notice, Hopper, A. J., on the 8th of January, 1833, decreed that the property should be sold unless the defendant, by a day limited, should pay the complainants the amount of their claims.

From this decree *Edwin A. Pratt* brought the record upon appeal to this court.

The cause was argued before Martin, Stephen, and Dorsey, J's.

*Chambers* for the appellant, and *William Carmichael* for the appellees.

Dorsey, J., delivered the opinion of the court.

The right of the vendor to pursue for the purchase money unpaid, real estate remaining in the hands of the vendee, or of volunteers claiming under him, or of his

alienees with notice, exists only in a court of equity.   It is a relief afforded only there on the ordinary ground that the claimant is remediless in a court of law.   If the vendor can, by any proceeding at law, recover the amount due him, Chancery never interferes to enable him to assert his equitable lien.   His remedy at law must be first exhausted, or it must be shown that none exists there.   As sustaining this doctrine, if any authority be necessary, see *Garson vs. Green and others*, 1 *Johns. Ch. R.* 308.   When, therefore, a vendor goes into equity seeking to enforce such a lien, he must show that he has no redress at law.   That has not been done by the present appellees : 'tis true they have alleged the seizure and sale, under an execution, of real and personal property of *Ann Pratt* to an amount exceeding $1,000, but the issuing of such execution is no where proved, nor is it admitted in the appellant's answer ; and if it were, it is neither alleged or proved that *Ann Pratt* had not other property, out of which the debt could have been made by execution; on the contrary, it is in proof that she had.   The appellees then have wholly failed to show themselves in an attitude to ask that relief which has been extended to them by the county court.   Nor is their condition improved by the proof that *Edwin W. Pratt* promised to pay the balance of the purchase money due from *Ann Pratt* to *Vanwyck*, such evidence being wholly inadmissible, because it changes and contradicts the written contract between them.

But suppose it was admissible, and that such promise was obligatory to the extent imported by its terms, it could avail the appellees nothing in their present proceeding.   It created no new lien upon the land in question—it furnished a substantive cause of action at law, where redress for its violation ought to have been sought.

But there is another insuperable objection to the affirmance of this decree, upon which alone it must be reversed, if all other grounds were wanting.   The interest or property sold by *Vanwyck* to *Ann Pratt* was, in contemplation

of a court of Chancery, personal not real estate ; and there is therefore no implied lien upon it for the unpaid balance of the purchase money. The mortgage debt due by *Hall,* if any thing, is, in equity, the thing sold by *Vanwyck.* The mortgaged premises pass as appurtenant to the debt; they are incapable of a separate and independent alienation.

DECREE OF THE COUNTY COURT REVERSED WITH COSTS.