The Supreme ‘Court affirmed the decree of the Common Pleas on Feb. 23, 1885, in the following opinion :
Per Curiam.
Under the law of this Commonwealth the instrument was-undoubtedly a mortgage. It was given to secure the payment of a note for the sum of five thousand dollars with interest,, executed by the mortgagor to the mortgagee.. The appellee was-the owner of the land covered by the mortgage, and charged with its payment. ■ In this state the mortgagee has no estate or property in the land until he takes possession thereof, unless a contrary intention appears in the mortgage. None such is shown here. It is a mere chose in action, and in substance only' security for the payment of the debt or obligation recited therein. The same rule appears to be recognized in Maryland ; Charles vs. *75 Clagett, 3 Md. 82; Wilson vs. Russell, 13 Md. 494; Timms and wife vs. Shannon, 19 Md. 314 ; Artz and wife vs. Grove, 21 Md. 456. If the character of the instrument is doubtful, the inclination of the courts is to ti'eat it as a motgage, and allow the grantor to redeem ; Hinkley vs Wheelwright, 29 Md. 341; Bank of Commerce vs. Lanahan, 45 Md. 396.
When the mortgagor is suffered to remain in possession, he remains there as owner, and is not accountable for the rents and profits. The appellee who acquired the whole title of the mortgagor occupies the same high grounds. He was a purchaser in good faith. He was not a trespasser in entering on and occupying the premises prior to a sale and conveyance by the trustee. His possession was lawful. A knowledge of the trust acquired during the pendency of the proceeding did not make his possession tortious at that time. It follows notwithstanding the very able and ingenious argument of the appellant, we think the bill was properly dismissed.
Decree affirmed and .appeal dismissed at the costs of the appellant.
A motion for a re-argument was made, and refused on March 16, 1885.